UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-23237-Civ-COOKE/TORRES

ROBERT JOSEPH SARHAN,

    Plaintiff,

vs.

DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

    Plaintiff Robert Joseph Sarhan brings this action against Defendant Federal Bureau of Prisons alleging national origin discrimination, race discrimination, harassment, and retaliation under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Florida Civil Rights Act, Fl. Stat. Ann. §§ 760.01, *et seq.*, as well as wrongful termination in violation of public policy, violation of California's Fair Employment and Housing Act, and defamation. In response, Defendant filed a Motion to Dismiss (ECF No. 29), to which Plaintiff filed his Response to Defendant's Motion to Dismiss (ECF No. 31). Defendant filed its Reply in Support of Motion to Dismiss (ECF No. 32), to which Plaintiff submitted a Response to Defendant's Reply in Support of Second Motion to Dismiss (ECF No. 36). As such, Defendant's Motion to Dismiss is ripe and ready for adjudication. After reviewing the Motion, the Responses and Replies thereto, the record, and relevant legal authorities, Defendant's Motion to Dismiss is granted.

## I. BACKGROUND

    Plaintiff Robert Joseph Sarhan ("Plaintiff" or "Mr. Sarhan"), proceeding *pro se*, brings this action against his former employer, the Federal Bureau of Prisons ("Defendant" or "BOP"). Plaintiff was first employed by the BOP as a Physician's Assistant on June 5, 1994, but his employment was terminated on June 5, 2007. Compl. ¶ 14. Plaintiff alleges that during the course of his employment, he was denied raises and promotions because of his race and national origin, was subjected to harassment in the form of teasing, jokes, and rude

comments, and was subjected to differing terms and conditions of employment with regard to vacation, sick leave, desired shifts, etc. *Id.* at ¶¶ 14-17. Plaintiff further alleges that his termination was discriminatory, motivated in part due to his race and national origin. *Id.* at ¶¶ 19-23.

Plaintiff timely appealed his removal from the BOP to the Merit Systems Protection Board ("MSPB") on June 29, 2007. Def.'s Mot. Dismiss 2.[1] After a hearing, the MSPB issued an Initial Decision on October 19, 2007 affirming Plaintiff's removal from employment. *Id.* Plaintiff appealed the Initial Decision to the full MSPB, which adopted the Initial Decision as final in an order dated March 28, 2008. *Id.* at 3. Plaintiff then timely appealed the MSPB's decision to the United States Court of Appeals for the Federal Circuit, which denied Plaintiff's appeal on May 19, 2009. *Id.* Plaintiff petitioned for a rehearing *en banc*, but was denied on August 19, 2009. *Id.* Plaintiff also filed a Complaint of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on July 2, 2009, wherein he alleged both that he had been discriminated against when he was terminated by the BOP and that his prior MSPB proceedings were improperly conducted. *Id.* The EEOC denied Plaintiff's Complaint of Discrimination on September 22, 2009, noting that Plaintiff had already appealed his issues to the MSPB. *Id.* at 3-4. The EEOC also apprised Plaintiff of his right to appeal the EEOC's decision to the Director, Office of Federal Operations within thirty (30) days or to file a civil action in the appropriate United States District Court within ninety (90) days. *Id.* at 4.

Plaintiff took no further action until May 13, 2013, when he petitioned the MSPB to reopen his case and reconsider its prior decisions. *Id.* On May 24, 2013, the MSPB denied Plaintiff's request in the form of a letter from the Clerk of the MSPB. *Id.* In response, Plaintiff sent a letter to the Clerk of the MSPB demanding that his request be considered by a quasi-judicial office or judge at the MSPB, but his request was denied on June 24, 2013. *Id.* Plaintiff then filed another appeal with the MSPB on July 8, 2013, in response to which the Administrative Law Judge ("ALJ") assigned to his case issued an order to show cause why

---

[1] Defendant has attached to its Motion to Dismiss a number of exhibits concerning previous administrative and judicial determinations related to Plaintiff's claims. I will consider these documents without first converting Defendant's Motion to Dismiss into a Motion for Summary Judgment as these documents are central to Plaintiff's claims and their authenticity has not been challenged. *See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 134, 1337 (11th Cir. 2010) ("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged.").

Plaintiff's appeal should not be dismissed on *res judicata* grounds. *Id.* The ALJ eventually dismissed Plaintiff's appeal, finding that the doctrine of *res judicata* applied and that Plaintiff's additional claims of fraud were without merit. *Id.* Plaintiff then appealed the ALJ's dismissal to the full MSPB, and, in a decision dated July 31, 2014, the full MSPB affirmed the ALJ's decision to dismiss Plaintiff's appeal on *res judicata* grounds and determined that the fraud exception to *res judicata* did not apply. *Id.* Plaintiff then simultaneously appealed the MSPB's decision to the United States Court of Appeals for the Federal Circuit while also filing the instant lawsuit. *Id.* The United States Court of Appeals for the Federal Circuit issued its decision, ruling against Plaintiff, on April 10, 2015. *Id.*

## II.  LEGAL STANDARD

Defendant, in part, premises its Motion to Dismiss on Rule 12(b)(1) of the Federal Rules of Civil Procedure.[2] When considering a Rule 12(b)(1) challenge, a court is faced with either a facial attack or a factual attack. *See Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003). "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint." *Id.* In other words, the allegations themselves reveal that subject matter jurisdiction is deficient. By contrast, factual attacks contest the truth of the allegations, which, by themselves, would be sufficient to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004); *Morrison*, 323 F.3d at 925 n. 5 ("Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings."). In resolving a factual attack, the district court may consider evidence outside the pleading, such as testimony and affidavits. *Morrison*, 323 F.3d at 925 n. 5. However, "[f]acial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Garcia v. Copenhaver, Bell & Associates, M.D.'s, P.A.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)) (internal quotation marks omitted).

In the instant case, Defendant asserts a factual attack, essentially arguing that even if all of the allegations in Plaintiff's complaint are true, this Court lacks subject matter jurisdiction to adjudicate Plaintiff's claims because Plaintiff's claims are barred by his

---

[2] Fed. R. Civ. P. 12(b)(1) challenges a district court's subject matter jurisdiction, thereby challenging its authority to hear an action or certain claims in an action.

3

previous choice of forum and by *res judicata*. Therefore, I will consider the Complaint, any attachments thereto, as well as any evidence produced by either side in deciding whether this Court has jurisdiction to hear this case.

Additionally, although a *pro se* litigant's pleadings are construed more liberally than pleadings drafted by attorneys, "this leniency does not give the court license to serve as de facto counsel for a party ... or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia*, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

### III.  ANALYSIS

Defendant argues that Plaintiff's Title VII claims should be dismissed for lack of subject matter jurisdiction because Plaintiff chose to address his claims in the MSPB and the Federal Circuit, thus foreclosing him from pursuing any other means of redress. *Id.* at 6-7. Defendant also argues that any challenges to Plaintiff's removal from employment are barred by *res judicata*, that Plaintiff's Title VII suit is barred because Plaintiff did not timely file an EEO claim, that Plaintiff cannot sue the United States government under state statutes, and that Plaintiff's defamation claim is not cognizable under the Federal Tort Claims Act ("FTCA"). *Id.* at 8-10. In response, Plaintiff argues that his case is properly before the District Court per instructions he received from the MSPB in their July 31, 2014 decision and that *res judicata* should not be applied in this case because of the alleged fraud committed by the Defendant in prior proceedings. *See generally* Pl.'s Resp. I will address each of Defendant's arguments in turn.

#### A.  Lack of Subject Matter Jurisdiction

Defendant argues that Plaintiff's mixed Complaint, with its allegations that Plaintiff was, in part, terminated as a result of discriminatory and retaliatory reasons, should be dismissed for lack of subject matter jurisdiction. In response, Plaintiff argues that he timely filed his case in this Court pursuant to instructions he received from the MSPB.

"A federal employee with a 'mixed case,' that is, a case alleging that a federal government agency terminated him as a result of unlawful race or gender discrimination, has the option of raising that issue before the agency's EEO office or the MSPB, but not both simultaneously." *Council v. American Fed'n of Gov't Employees (AFGE) Union*, 477 Fed. Appx. 648, 652 (11th Cir. 2012) (citing 29 C.F.R. § 1614.302(a)-(b); *Chappell v. Chao*, 388 F.3d 1373,

1375 (11th Cir. 2004)).  An employee who chooses to bring a mixed case to the MSPB has three options following the MSPB's disposition of the claims: (1) appeal the discrimination claim, on its own, to the Equal Employment Opportunity Commission; (2) drop the discrimination claims and appeal the other actions directly to the Federal Circuit; (3) or raise the action in district court.  *See* 5 U.S.C. §§ 7702(b)(1), (e)(1)(B); 7703(b).  "The Federal Circuit has held that a federal employee cannot split a mixed case into discrimination and non-discrimination claims in order to pursue two separate appeals from an MSPB final order."  *Chappell*, 388 F.3d at 1377 (citing *Williams v. Dep't of Army*, 715 F.2d 1485, 1490 (Fed. Cir. 1983) ("Congress did not direct or contemplate bifurcated review of any mixed case").

With these considerations in mind, the Eleventh Circuit in *Chappell* held that "because 'the issues of a mixed case are tied together for resolution at the same time' … and because the Federal Circuit does not have jurisdiction over appeals of mixed cases … [a] federal district court is the only forum in which a federal employee may seek judicial review of a mixed case after a final order from the MSPB."  *Id.* at 1378.  Furthermore, "it necessarily follows from this statutory scheme that a federal employee who wants to preserve both discrimination and non-discrimination claims after a final order from the MSPB *must* do so by bringing all his related claims in federal district court."  *Id.* (emphasis in original).  Therefore, "an employee who chooses to appeal an adverse action to the Federal Circuit waives his right to pursue not only any discrimination claims he raised before the MSPB, but also any other discrimination claims arising out of the same facts."  *Id.*

Here, Plaintiff chose to appeal the final decision of the MSPB to the Federal Circuit, which denied *en banc* review of his case in August 2009.  Thus, because Plaintiff elected to appeal his termination claim to the Federal Circuit, rather than bringing his related discrimination and termination claims in one forum, before a district court, he has waived his right to pursue his discrimination claims.  *See id.*  Therefore, while Defendant was incorrect in asserting that this Court lacks subject matter jurisdiction over Plaintiff's action,[3] Defendant is correct in its assertion that Plaintiff has waived his right to pursue his discrimination claims here.  Plaintiff had an opportunity to bring his discrimination and termination claims together

---

[3] *See Chappell*, 388 F.3d at n. 8 ("Title VII gives the district court subject matter jurisdiction over federal employees' employment discrimination claims when administrative remedies have been exhausted…[n]o statutory provision strips the district court of subject matter jurisdiction in a mixed case like Chappell's. Although the federal district court had subject matter jurisdiction over all of Chappell's claims once the MSPB issued its final order, Chappell waived his right to file in that court by proceeding in the Federal Circuit.").

in a district court after he received a final ruling from the MSPB, and his failure to do so constitutes a waiver of his right to pursue his discrimination claims now. *See id.* at 1379. Plaintiff's argument that he has a right to proceed here because the MSPB ordered him to file his case in a United States District Court within thirty days is unavailing. Plaintiff fully litigated his wrongful termination and discrimination claims before the Federal Circuit and he cannot now elect to pursue them in a district court.

### B. Res Judicata

"*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Four elements are required for *res judicata* to bar a subsequent suit: "(1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be involved in both cases." *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986). Additionally, the Supreme Court has found that res judicata applies to administrative agency decisions "[w]hen [the] administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *United States v. Utah Constr. & Mining Co.*, 38 U.S. 394, 422 (1966).

Here, Plaintiff argues that the doctrine of *res judicata* should not be applied to bar litigation of his claims because his prior proceedings were marred by fraud, concealment, and misrepresentation perpetrated by the Defendant. Essentially, Plaintiff argues that the current action is not based on the same set of facts as the prior action adjudicated by the Federal Circuit because of his additional claims of fraud and misrepresentation. However, Plaintiff makes a number of unsubstantiated allegations in support of his theory and fails to cite to any legal precedent to support his argument.

Additionally, Plaintiff has now received two final rulings from the Federal Circuit that fully address all claims he is attempting to litigate here. The Federal Circuit first affirmed the MSPB's decision regarding Plaintiff's wrongful termination claims and subsequently affirmed the ALJ's decision not to reconsider Plaintiff's claims on the basis of *res judicata*. In that second proceeding, the Federal Circuit fully considered and denied Plaintiff's attempts to circumvent the effects of *res judicata* on the basis of alleged fraud and misrepresentation

perpetrated by the BOP. As such, Plaintiff has now had multiple opportunities to litigate and re-litigate all of his claims surrounding his termination of employment from the BOP. He received a final judgment on the merits after a full and fair opportunity to litigate all of his issues, the parties have been identical in all suits, and all proceedings have involved the same cause of action. Therefore, in addition to waiving his right to litigate his claims in this Court, Plaintiff is also barred from bringing his claims here because of the doctrine of *res judicata*.

### C. Failure to File a Timely EEO Claim

Defendant argues that Plaintiff's Title VII claims are also time barred because Plaintiff failed to timely file an EEO claim. I will not address the merits of this argument as this time because as previously stated above, once Plaintiff chose to appeal his claims to the Federal Circuit, he essentially waived his rights to proceed in any other available forum. *See Chappell*, 388 F.3d at 1378-79.

### D. State Statute Claims

In addition to filing suit under Title VII, Plaintiff also included claims of racial discrimination, harassment, and retaliation under the Florida Civil Rights Act and, confusingly since Plaintiff was employed by the BOP in Miami, the California Fair Employment and Housing Act. However, the Supreme Court has held that "a precisely drawn, detailed statute pre-empts more general remedies," and that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 834-35 (1976); *see also Canino v. U.S. Equal Emp't Opportunity Comm'n*, 707 F.2d 468, 472 (11th Cir. 1983) (holding that a federal employee's exclusive judicial remedy for a claim of employment discrimination lies with Section 717 of Title VII of the 1964 Civil Rights Act). Therefore, Plaintiffs claims under both the Florida Civil Rights Act and the California Fair Employment and Housing Act are preempted by Title VII and must be dismissed.

### E. Defamation

Finally, Defendant argues that Plaintiff's defamation claim must be dismissed as it is not cognizable under the Federal Tort Claims Act ('FTCA"), and I agree. Any claims of defamation are expressly excluded from the FTCA's limited waiver of sovereign immunity, and, therefore, must be dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. § 2680(h); *see also Nadler v. Mann*, 951 F.2d 301, 304, n.6 (11th Cir. 1992). Therefore, Plaintiff's

7

defamation claim must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss (ECF No. 29) is **GRANTED**.  Plaintiff's Mixed Complaint Against the Defendant's [sic] for Discrimination and Wrongful Termination (ECF No. 1) is **DISMISSED** *with prejudice*.[4]  The Clerk shall **CLOSE** this case.  All pending motions, if any, are **DENIED as moot**.

**DONE and ORDERED** in chambers at Miami, Florida, this 27th day of July 2015.

*(signed)* Marcia G. Cooke
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*
*Robert Joseph Sarhan, pro se*

---

[4] *See Jemison v. Mitchell*, 380 F. App'x 904, 907 (11th Cir. 2010) ("Dismissal with prejudice is proper, however, … if a more carefully drafted complaint could not state a valid claim.").